IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DiANGELO HUFFMAN                                                        PLAINTIFF

v.                          No. 3:20-cv-131-DPM

CANDACE EDWARDS, Circuit
Court, Craighead County                                                 DEFENDANT

ORDER

1. Motion for status update, *Doc. 3*, granted. Huffman must be patient. It takes time for his papers to arrive in the mail, for the Court to review them, and for the Court's Orders to make their way back to Huffman.

2. Motion to proceed *in forma pauperis*, *Doc. 1*, granted. Huffman must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court assesses an initial partial fee of $3.83. After the initial fee is collected, Huffman's custodian must collect monthly payments from Huffman's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on

Huffman's behalf must be clearly identified by case name and case number.

3. The Court directs the Clerk to send a copy of this order to the Administrator of the Craighead County Detention Center, 901 Willett Road, Jonesboro, Arkansas 72401.

4. The Court must screen Huffman's complaint. *Doc. 2*; 28 U.S.C. § 1915A. Public records show Huffman was charged with felony failure to appear and is awaiting trial in Craighead County, Arkansas. *State v. Huffman*, 16JCR-18-411. Huffman says he was wrongfully charged and detained with a bond set too high. He also says he is facing revocation proceedings based on past charges that were *nolle prossed*. And he claims he was assaulted by another inmate at the jail. *Doc. 2*.

Huffman's claim about the assault while in custody is a challenge to his conditions of confinement. It must therefore be raised in a separate lawsuit. That claim is therefore dismissed without prejudice.

The Court must abstain from proceeding with the remainder of Huffman's federal claims because his state criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Huffman may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). Further, there's no indication of the bad faith or type of extraordinary circumstances

that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). Huffman's remaining federal claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\* \* \*

This case is stayed; and the Court directs the Clerk to administratively terminate it. Huffman can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Huffman doesn't file a timely motion to reopen or a status report by 20 May 2021, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 May 2020